# EXHIBIT C

Filing # 207903531 E-Filed 09/30/2024 11:53:55 AM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

**TONYA LEMIEUX,**

**Plaintiff,** **CASE NO:**

**vs.**

**COLE CS TALLAHASSEE, FL LLC
d/b/a COSTCO WHOLESALE and
COSTCO WHOLESALE
CORPORATION**

**Defendant.** /

## COMPLAINT

Plaintiff, **TONYA LEMIEUX**, by and through undersigned counsel hereby sues Defendants, **COLE CS TALLAHASSEE, FL LLC d/b/a COSTCO WHOLESALE** and **COSTCO WHOLESALE CORPORATION** alleging:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. The First Judicial Circuit in and for Leon County, Florida has venue pursuant to §§ 47.011 and 47.051, Florida Statutes because the cause of action accrued in Leon County, Florida.

3. At all times material hereto, Plaintiff, **TONYA LEMIEUX**, was a natural person residing in Quincey, Florida.

4. At all times material hereto, Defendant, **COSTCO WHOLESALE CORPORATION** was a Foreign Profit Corporation authorized to do and doing business in Leon County, Florida.

5. At all times material hereto, Defendant, **COLE CS TALLAHASSEE, FL LLC d/b/a COSTCO WHOLESALE** was a Limited Liability Company authorized to do and doing business in Leon County, Florida.

6. At all times material to this action, the premises located at 4067 Lagniappe Way, Tallahassee, Florida was a wholesale club, COSTCO WHOLESALE, open to the general public, including the Plaintiff, **TONYA LEMIEUX**.

7. At all times material hereto, Defendant **COLE CS TALLAHASSEE, FL LLC** was the owner and in possession and control of the premises located at or near 4067 Lagniappe Way, Tallahassee, Florida, where the incident described in this Complaint occurred.

8. At all times material hereto, Defendant **COSTCO WHOLESALE CORPORATION**, operated and was in possession and control of the wholesale club, COSTCO WHOLESALE, located at 4067 Lagniappe Way, Tallahassee, Florida where the incident described in this Complaint occurred.

9. On or about December 6, 2023, Plaintiff **TONYA LEMIEUX**, went to Defendant's premises to shop.

10. At said time and place, Plaintiff **TONYA LEMIEUX**, was lawfully upon the premises of the Defendants, who owed Plaintiff a duty to exercise reasonable care for his safety.

**COUNT I- NEGLIGENCE CLAIM AGAINST COLE CS TALLAHASSEE, FL LLC**

11. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through ten (10) as if set forth herein.

12. At said time and place, Defendants owed a non-delegable duty to invitees such as Plaintiff to use reasonable care in the inspection and maintenance of its premises to keep the premises free of unreasonably dangerous conditions of which it knew or should have known and to warn invitees of hazards on the premises.

13. At said time and place, Plaintiff **TONYA LEMIEUX** slipped on a liquid substance on the floor of the retail store as she was walking approaching the cashier to checkout.

14. At said time and place, Defendants breached its duty owed to Plaintiff **TONYA LEMIEUX** by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the floor of the premises, in that there was a wet substance on the floor, creating a slipping hazard to members of the public utilizing said premises, including Plaintiff **TONYA LEMIEUX**, where said condition was either known to Defendant **COLE CS TALLAHASSEE, FL LLC**, or had existed for a sufficient length of time such that Defendant **COLE CS TALLAHASSEE, FL LLC.** should have known of the condition had Defendant **COLE CS TALLAHASSEE, FL LLC.** exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

b. Negligently failing to inspect or adequately inspect the floor of the premises, as specified above, to ascertain that the wet substance created a slipping hazard to the public utilizing that area of the premises, including Plaintiff **TONYA LEMIEUX**, where said condition was either known to Defendant **COLE CS TALLAHASSEE, FL LLC**, or had existed for a sufficient length of time such that Defendant **COLE CS TALLAHASSEE, FL LLC.**, should have known of the condition had Defendant **COLE CS TALLAHASSEE, FL LLC** exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

c. Negligently failing to inspect or adequately warn Plaintiff **TONYA LEMIEUX**, of the danger of the floor area including but not limited to failing to use appropriate

markings or posted signage, where said condition was either known to Defendant **COLE CS TALLAHASSEE, FL LLC.**, or had existed for a sufficient length of time such that Defendant **COLE CS TALLAHASSEE, FL LLC.**, should have known of the condition had Defendant **COLE CS TALLAHASSEE, FL LLC.**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

d. Failing to correct the unreasonably dangerous condition or warn Plaintiff **TONYA LEMIEUX**, and other invitees on the premises of the unreasonably dangerous condition where said condition was either known to Defendant **COLE CS TALLAHASSEE, FL LLC.**, or had existed for a sufficient length of time such that Defendant **COLE CS TALLAHASSEE, FL LLC.**, should have known of the condition had Defendant **COLE CS TALLAHASSEE, FL LLC.**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff.

15. As a result of Defendant's negligence, while Plaintiff **TONYA LEMIEUX**, was visiting the premises, she slipped on a liquid substance on the floor of the wholesale club, sustaining injuries as set forth.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff **TONYA LEMIEUX**, sues Defendant **COLE CS TALLAHASSEE, FL LLC** and demands judgment for damages, interest and costs, and such other relief the Court deems just and owed.

## COUNT II – NEGLIGENCE CLAIM AGAINST COSTCO WHOLESALE CORPORATION

17. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through ten (10) as if set forth herein.

18. At said time and place, Defendants owed a non-delegable duty to invitees such as Plaintiff to use reasonable care in the inspection and maintenance of its premises to keep the premises free of unreasonably dangerous conditions of which it knew or should have known and to warn invitees of hazards on the premises.

19. At said time and place, Plaintiff **TONYA LEMIEUX** slipped on a liquid substance on the floor of the retail store as she was walking to the cashier.

20. At said time and place, Defendants breached its duty owed to Plaintiff **TONYA LEMIEUX** by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the floor of the premises, in that there was a wet substance on the floor, creating a slipping hazard to members of the public utilizing said premises, including Plaintiff **TONYA LEMIEUX**, where said condition was either known to Defendant **COSTCO WHOLESALE CORPORATION**, or had existed for a sufficient length of time such that Defendant **COSTCO WHOLESALE CORPORATION**, should have known of the condition had Defendant **COSTCO WHOLESALE CORPORATION**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

b. Negligently failing to inspect or adequately inspect the floor of the premises, as specified above, to ascertain that the wet substance created a slipping hazard to the public utilizing that area of the premises, including Plaintiff **TONYA LEMIEUX**, where said condition was either known to Defendant **COSTCO WHOLESALE CORPORATION**, or had existed for a sufficient length of time such that Defendant **COSTCO WHOLESALE CORPORATION**, should have known of the condition had Defendant **COSTCO WHOLESALE CORPORATION**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

c. Negligently failing to inspect or adequately warn Plaintiff **TONYA LEMIEUX**, of the danger of the floor area including but not limited to failing to use appropriate markings or posted signage, where said condition was either known to Defendant

**COSTCO WHOLESALE CORPORATION**, or had existed for a sufficient length of time such that Defendant **COSTCO WHOLESALE CORPORATION**, should have known of the condition had Defendant **COSTCO WHOLESALE CORPORATION**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff; and/or

d. Failing to correct the unreasonably dangerous condition or warn Plaintiff **TONYA LEMIEUX**, and other invitees on the premises of the unreasonably dangerous condition where said condition was either known to Defendant **COSTCO WHOLESALE CORPORATION**, or had existed for a sufficient length of time such that Defendant **COSTCO WHOLESALE CORPORATION**, should have known of the condition had Defendant **COSTCO WHOLESALE CORPORATION**, exercised reasonable care, and/or said condition occurred with regularity and was therefore foreseeable, thus creating an unreasonably dangerous condition for members of the public, including Plaintiff.

21. As a result of Defendant's negligence, while Plaintiff **TONYA LEMIEUX**, was visiting the premises, she slipped on a liquid substance on the floor of the wholesale club, sustaining injuries as set forth.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff **TONYA LEMIEUX**, sues Defendant **COSTCO WHOLESALE CORPORATION** and demands judgment for damages, interest and costs, and such other relief the Court deems just and owed.

Plaintiff also demands trial by jury of all issues no triable.

**RESPECTFULLY** submitted this 30th day of September, 2024.

*/s/ Jason Gerth*
**JASON GERTH**
FL Bar No.: 11162
**MORGAN & MORGAN ALABAMA, PLLC**
220 W. Garden St., Ste. 900
Pensacola, FL 32502
Telephone: 850-876-7808
Facsimile: 850-876-7832
jgerth@forthepeople.com
jgservice@forthepeople.com
*Attorney for the Plaintiff*