### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

TONIA LEMIEUX,                          CASE NO.: 4:25-cv-00116-MW-MJF

      Plaintiff,

vs.

COLE CS TALLAHASSEE, FL, LLC
d/b/a COSTCO WHOLESALE CORPORATION,

      Defendants.

_____/

### DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO OFFER OF JUDGMENT

Defendant, Cole CS Tallahassee, FL, LLC ("Cole CS"), moves for attorney's fees, pursuant to §768.79, Florida Statutes.; Rule 54 (d), F.R.C.P, and N.D. Fla. Loc. R. 54.1, via the bifurcation procedure therein.

### I.    PROCEDURAL HISTORY

1.    This case arises out of a December 6, 2023, slip and fall in the self-checkout area at the Costco warehouse in Tallahassee, Florida. [Doc. 1, Exh. 5].

2.    On November 24, 2025, [Doc. 16], Cole CS moved for summary judgment on Count I of the operative complaint, the only claim pending against it.

3.    On January 30, 2026, the Court granted Cole CS' Motion for Partial Summary Judgment [Doc. 22] and instructed the clerk to enter judgment stating,

"Judgment is entered in favor of Defendant Cole CS Tallahassee, FL, LLC, as to Count I. Count I is dismissed". **Exhibit A.**

4.    Accordingly, Cole CS moves for the Court to determine its entitlement to an attorney fee award, with determination of the amount after the Court determines Cole CS' entitlement to an award. *See*, N.D. Fla. Loc. R. 54.1.

## II.    JURISDICTION

The Court has diversity jurisdiction over this case. As result, it applies substantive state law and considers the recovery of attorney's fees under Florida's offer-of-judgment statute in a substantive manner for Erie purposes. Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1258 (11th Cir. 2011); Erie R.R. Co. v. Tompkins, 301 U.S. 64, 78 (1938). Furthermore, Federal courts sitting in diversity jurisdiction regularly apply §768.79, Fla. Stats. and award attorney's fees under the statute during pending litigation.

For example, in Primo v. State Farm Mut. Auto Ins. Co., 661 Fed. Appx. 661, 664-65 (11th Cir. 2016), the Eleventh Circuit affirmed a federal district court's award of attorney's fees under §768.79, Florida Statutes, after the defendant's settlement proposal was rejected and the plaintiff obtained a judgment more than twenty-five percent less than the offer. The Eleventh Circuit clarified that Federal Rule of Civil Procedure 68 does not preempt §768.79, Florida Statutes. *See also*, Auto Owners Ins. v. American Yachts, Ltd., 291 Fed. Appx. 305, 306 (11th Cir.

2

2008). As result, federal and state offer judgment rules can coexist without creating procedural conflicts. Id. *See also*, Devine Motel Group, LLC v. Rock Hill Ins. Co., 722 Fed. Appx. 887, 889 (11th Cir. 2018) (Florida Rule 1.442(b), which establishes timing requirements for settlement offers under § 768.79, is substantive for Erie purposes and applies to federal diversity actions).

Moreover, a federal court presiding over a claim arising under Florida law may apply and enforce the statute's fee provisions to award attorney's fees even absent a corollary federal statute or rule. Id. at 1343 *citing* Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1151-52 (11th Cir. 2008) (affirming fee award under § 768.79 and rejecting preemption arguments founded on bankruptcy practice or Rule 68). The Court may rule on a timely motion for attorney's fees related to a previously entered judgment. Jalosinsky v. Dorel Juvenile Group, Inc., 2015 WL 4395406, *2 (M.D. Fla. 2015). In the instant case, Cole CS made a timely motion, and the Court may decide the Motion at this time.

Furthermore, the Court has ancillary jurisdiction to decide this Motion, pursuant to 28 USC § 1367, which recognizes that federal court's jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them confers jurisdiction. DeVarona v. Discount Auto Parts, LLC, 935 F.Supp.2d 1335, 1341 (S.D. Fla. 2013) *citing* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). Given that Cole CS was

3

a co-Defendant in this case, and the Court still has jurisdiction over the case and controversy between the remaining parties in the case, Cole CS' attorney's fee claim has direct relation to Cole CS' property or assets drawn into the Court's purview by the principle suit. *See* Id. *citing* Kokkonen, 511 U.S. at 379-380 *quoting* Fulton Nat'l Bank of Atlanta v. Hozier, 267 U.S. 276, 280 (1925). "The basis of the doctrine of ancillary jurisdiction is the practical need 'to protect legal rights or affectively to resolve an entire, logically intwined lawsuit.'" Id. at 1341 *quoting* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377 (1978). Accordingly, this Court has ancillary jurisdiction to adjudicate Cole CS' attorney's fee claim.

## III.   APPICABLE STATUTE AND OFFER OF JUDGMENT

Florida Statute 768.79(1) states:

> In any civil action for damages filed in the courts in this state, if a defendant files an offer of judgment which is not accepted by plaintiff within thirty days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf…from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least twenty-five percent less than such offer, the court shall set off such costs of attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of plaintiff's award….

4

On September 5, 2025, Cole CS served a written proposal for settlement to Plaintiff, pursuant to Florida Statute § 768.79.   **Exhibit B.**   Cole CS named itself as the party making the offer, and Plaintiff to whom it was being made.   Cole CS stated the amount ($10,000.00) to settle all Plaintiff's claims against it.[1]   **Exhibit B.**   Plaintiff did not accept Cole CS' proposal for settlement, as result, it lapsed. *See*, Florida Statute §768.79 (1) and **Exhibit B**.

The Court's Order granting Cole CS' motion for summary judgment extinguished any and all claims pending against Cole CS in this case. [Doc. 22]. Accordingly, pursuant to N.D. Fla. Loc. R.   54.1—and this Court's bifurcated procedure for parties seeking award of attorney's fees—Cole CS moves for determination of its *entitlement* to attorney's fees in this case.   Then, if the Court determines Coles CS is entitled to a fee award, to then determine the *amount*, pursuant to the procedure set forth in N.D. Fla. Loc. R.   54.1.

## GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1, undersigned counsel conferred with Plaintiff's counsel regarding this Motion and its entitlement to attorney's fees in this case and Plaintiff does not agree to stipulate to this Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Jason Gerth, Esq., Morgan & Morgan, P.A., 220 W. Garden

---

[1] Plaintiff did not assert a punitive damages or an attorney's fee claim, respectively.

5

Street, Suite 900, Pensacola, FL 32502 (Counsel for Plaintiff), jgerth@forthepeople.com, and jgservice@forthepeople.com, via Florida E-Portal, dated this 6th day of February, 2026.

**JAKAB LAW, PLLC**

*/s/ Kevin E. Jakab, Esq.*
**KEVIN E. JAKAB, ESQ.**
Florida Bar No.: 667811
6277 Dupont Station Court East, #3
Jacksonville, FL 32207
(904) 683-2290 (T)
(904) 683-7588 (F)
kjakab@jakablaw.com
Attorney for Defendants

6